UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TREVAUGHN COX,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL RENTH, STEVEN SHELBY and CITY OF MADISON,<br><br>    Defendants. | Case No. 09-cv-730-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendants' motion to dismiss Counts III and IV of the First Amended Complaint (Doc. 21) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Trevaughn Cox has responded to the motion (Doc. 24).

**I.     Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

Although liberal federal notice pleading standards ensure that minimally detailed complaints can survive a motion to dismiss, those standards will not prevent dismissal of

complaints that plead too much.  A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail.  *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998);  *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997);  *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim), *cert. denied*, 78 U.S.L.W. 3417 (2010).  That is what the defendants in this case charge.

II.     **Alleged Facts**

This dispute stems from an incident on August 27, 2008.  On that day Cox, who was 29 years old, was standing in front of his home in Madison, Illinois, on or near the street.  Defendant Michael Renth, a City of Madison police officer, was in the neighborhood and saw some school-aged children standing in the middle of the street.  Via the public address system on his patrol car, Renth ordered the children to get out of the street.  As Renth was driving away, he looked into his rearview mirror and saw Cox standing on or near the street.  He turned his car around, approached Cox and got out of the car.  Unprovoked, with his baton he jabbed Cox in the stomach and hit him over his right eyebrow.  He then arrested Cox and took him to the Madison Police Department where he shoved him into a holding cell wall.  Cox was taken to the hospital for treatment of his injuries caused by Renth's conduct.

Renth caused Cox to be charged with four offenses:  (1) resisting arrest, (2) aggravated assault, (3) pedestrian walking along a highway and (4) disobeying a police officer.  The latter two offenses are petty offenses for which jail time is not available under Illinois law.  Cox was eventually acquitted of the aggravated assault charge but was convicted of the other three charges.

In August 2009, Cox filed this lawsuit.  His First Amended Complaint asserts a violation

of 42 U.S.C. § 1983 for violation of his Fourth Amendment right to be free from the use of excessive force (Count I) and state law claims for battery (Count II), malicious prosecution on the aggravated assault charge (Count III) and false arrest (Count IV).[1]

The defendants ask the Court to dismiss Cox's malicious prosecution (Count III) and false arrest (Count IV) claims because the facts pled demonstrate he is not entitled to relief as a matter of law. Cox maintains he is able to prove his claims.

**III.     Analysis**

The parties have merged the malicious prosecution and false arrest analyses in their briefing. However, since each question requires examination of a separate cause of action with different elements, the Court addresses each separately.

    A.    <u>Count III:  Malicious Prosecution</u>

Cox claims Renth maliciously prosecuted him because Renth lacked probable cause to commence criminal proceedings against him for aggravated assault. The tort of malicious prosecution has five elements: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Joiner v. Benton Comty. Bank*, 411 N.E.2d 229, 232 (Ill. 1980); *accord Ritchey v. Maksin*, 376 N.E.2d 991, 993 (Ill. 1978). If there was probable cause to charge Cox with aggravated assault, Cox's claim cannot succeed.

---

[1] Count V is a § 1983 claim against defendant Madison Police Chief Steven Shelby for failure to supervise and train Renth, and Count VI is a § 1983 claim against the City of Madison for maintaining an unwritten custom or practice of permitting or condoning the use of excessive force by its police officers. Counts V and VI are not at issue in this case.

The defendants ask the Court to dismiss Cox's malicious prosecution claim because Cox's complaint shows he cannot prove the third element of a malicious prosecution claim – the absence of probable cause to believe Cox committed aggravated assault.  They argue that Cox's arrest and conviction on the three other charges establish probable cause for prosecuting those offenses as well as aggravated assault.

Probable cause for resisting arrest does not necessarily establish probable cause for the underlying offense for which the original arrest was sought.  *See Clark v. Illinois*, 415 F. Supp. 149, 155 (N.D. Ill. 1976);  *Hornung v. Park Forest*, 634 F. Supp. 540, 544 (N.D. Ill. 1986).  This is because under Illinois law, the offense of resisting arrest can occur regardless of whether the underlying arrest is lawful.  *See People v. Locken*, 322 N.E.2d 51, 54 (Ill. 1974) (citing 720 ILCS 5/31-1(a);  720 ILCS 5/7-7);  *see City of Champaign v. Torres*, 824 N.E.2d 624, 629 (Ill. 2005); *People v. Villarreal*, 604 N.E.2d 923, 927 (Ill. 1992).  Thus, it is possible that an officer could have probable cause for charging someone for resisting arrest but not have probable cause for charging them with the underlying violation.  *See, e.g., Hornung*, 634 F. Supp at 544.  Similarly, probable cause to believe an individual has committed one crime does not necessarily provide probable cause for prosecuting him of another crime.

The fact that Renth had probable cause to prosecute Cox for resisting arrest, walking along a highway and disobeying a police officer does not necessarily establish he had probable cause to prosecute him for aggravated assault.  Thus, the Court cannot say that based on the pleadings, Cox will fail on his malicious prosecution claim.  The Court must therefore deny the motion to dismiss to the extent it requests dismissal of Count III.

      B.     <u>Count IV:  False Arrest</u>

Cox claims Renth falsely arrested him because Renth lacked reasonable grounds to

believe he had committed the offense of aggravated assault. "The essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1231 (Ill. 1990). "The existence of probable cause is an absolute bar to [a] claim for false arrest." *Friedman v. Skokie*, 763 F.2d 236, 239 (7th Cir. 1985). Conviction on any charge justifying an arrest forecloses a false arrest claim based on that arrest. *See Clark v. Illinois*, 415 F. Supp. 149, 155 (N.D. Ill. 1976).

The defendants argue that the reasonable grounds to justify Cox's arrest on the three other offenses of which Cox was ultimately convicted were sufficient to justify Cox's arrest. If there was a lack of probable cause to support an arrest for aggravated assault, they argue, that shortcoming is irrelevant. In response, Cox argues that there was no probable cause to arrest him for the two petty offenses because they did not justify imprisonment and that whatever probable cause existed for resisting arrest had not yet been established *prior to* the attempt to arrest him.

Cox's admissions in his response to the motion to dismiss demonstrate his inability to succeed on his false arrest claim. Cox is correct that the reasonable grounds for believing he committed the offense of resisting arrest had not yet occurred when Renth first tried to arrest him. Thus, Renth could not rely on that conduct to justify the original arrest. As the Court noted in the prior section of this order, probable cause for resisting arrest does not necessarily establish probable cause for the underlying offense for which the original arrest was sought. *See Clark*, 415 F. Supp. at 155. However, Cox admits that, even for a petty offense, law enforcement officers may take a suspect into custody and take him to the police station for booking if there

are reasonable grounds to believe he has committed the offense. Thus, when Renth originally attempted to arrest Cox, the arrest was proper because Renth had reasonable grounds to believe Cox had committed the petty violations, which was borne out by Cox's convictions of those offenses. By the time Renth's right to detain Cox based on the petty offenses had expired – after booking at the police station – Renth had reasonable grounds to believe Cox had resisted arrest, which was again supported by the trial verdict. Thus, at no time was Renth's arrest of Cox a false arrest. For this reason, the Court must dismiss Count IV, Cox's false arrest claim.

## IV.   Conclusion

For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** the defendants' motion to dismiss (Doc. 21);

- **DISMISSES** Count IV **with prejudice**; and

- **DIRECTS** the Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  March 4, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
